Opinion by LAWRENCE, J. In accordance with stipulation of counsel that the issues are the same in all material respects as those the subject of *John P. Herber & Co., Inc.* v. *United States* (30 Cust. Ct. 193, C. D. 1519), the protest was dismissed, and the matter was remanded to a single judge sitting in reappraisement for determination of the value of the merchandise in the manner provided by law (28 U. S. C. § 2636 (d)).

**No. 62612.**—P. H. Petry Co. (Corp.) v. United States, protest 325117–K (New York).

Opinion by LAWRENCE, J. The protest was dismissed.

**No. 62613.**—Leading Forwarders, Inc. v. United States, protest 325510–K (New York).

Opinion by LAWRENCE, J. The protest was dismissed.

BEFORE THE SECOND DIVISION, DECEMBER 18, 1958

**No. 62614.**—Beer Stern Import Corp. et al. v. United States, protests 318012–K, etc. (New York).

Opinion by FORD, J. In accordance with stipulation of counsel that certain items of the merchandise consist of narrow woven fabrics of cotton similar in all material respects to those the subject of *Beer Stern Import Corp.* v. *United States* (39 Cust. Ct. 294, C. D. 1944), the claim of the plaintiffs was sustained.

BEFORE THE THIRD DIVISION, DECEMBER 18, 1958

**No. 62615.**—Somerset Importers, Ltd. v. United States, protest 122179–K (New York).

Opinion by JOHNSON, J. It was stipulated that the merchandise and issues are the same in all material respects as those in *Austin, Nichols & Co., Inc.* v. *United*

*States* (22 Cust. Ct. 33, C. D. 1155). For the reasons stated in the cited authority, the first claim of the plaintiff was sustained. It was also stipulated that the merchandise, issues, and facts herein are similar to those involved in *United States* v. *Browne Vintners Co., Inc.* (34 C. C. P. A. 112, C. A. D. 351). Following the cited authority, it was held that an allowance in duties and internal revenue taxes should be made as to the merchandise respecting the quantities reported by the discharging inspector as not landed, or as manifested, not found. The protest was sustained to the extent indicated.

**No. 62616.**—R. U. Delapenha & Co., Inc. *v.* United States, protest 126185–K (New York).

Opinion by JOHNSON, J. In accordance with stipulation of counsel that the merchandise and issues are similar in all material respects to those involved in *United States* v. *R. C. Williams & Co., Inc.* (40 C. C. P. A. 130, C. A. D. 508), and *Austin, Nichols & Co., Inc.* v. *United States* (22 Cust. Ct. 33, C. D. 1155), the claim of the plaintiff was sustained.

**No. 62617.**—James M. McCunn & Co., Inc. *v.* United States, protest 144638–K (New York).

Opinion by JOHNSON, J. It was stipulated that the merchandise and issues are the same in all material respects as those in *Austin, Nichols & Co., Inc.* v. *United States* (22 Cust. Ct. 33, C. D. 1155). For the reasons stated in the cited authority, the first claim of the plaintiff was sustained. It was also stipulated that the merchandise, issues, and facts herein are similar to those involved in *United States* v. *Browne Vintners Co., Inc.* (34 C. C. P. A. 112, C. A. D. 351). Following the cited authority, it was held that an allowance in duties and internal revenue taxes should be made as to the merchandise respecting the quantities reported by the discharging inspector as not landed, or as manifested, not found. The protest was sustained to the extent indicated.

**No. 62618.**—G. H. Mumm Champagne (SVCS) & Assoc., Inc., et al. *v.* United States, protests 198080–K, etc. (New York).

Opinion by JOHNSON, J. In accordance with stipulation of counsel that the merchandise and issues are similar in all material respects to those involved in *United States* v. *R. C. Williams & Co., Inc.* (40 C. C. P. A. 130, C. A. D. 508), and *Austin, Nichols & Co., Inc.* v. *United States* (22 Cust. Ct. 33, C. D. 1155), the claim of the plaintiffs was sustained.